IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ROBERTO PORTES,<br><br>              Petitioner,<br><br>      v.<br><br>WARDEN JORDAN HOLLINGSWORTH,<br><br>              Respondent. | HONORABLE JEROME B. SIMANDLE<br><br>Civil Action<br>No. 13-7524 (JBS)<br><br>**MEMORANDUM OPINION** |

**SIMANDLE, Chief Judge:**

     This matter comes before the Court on Petitioner Roberto Portes' pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 by which he seeks to challenge his conviction and sentence in the United States District Court for the District of Massachusetts for his role in the operation of a heroin distribution organization. Petitioner, currently incarcerated at FCI Fort Dix, argues that both his conviction and sentence are erroneous because the jury did not determine the quantity of drugs at issue by proof beyond a reasonable doubt. The Government, in response, filed a motion to dismiss for lack of jurisdiction [Docket Item 7], arguing that Petitioner's claims are subject to the requirements of 28 U.S.C. § 2255 and that the Petition must be dismissed as untimely because Petitioner has not satisfied his burden of demonstrating that § 2255's savings cause applies to his case. For the reasons

discussed below, the Court will dismiss the Petition for lack of jurisdiction. The Court finds as follows:

    1. On January 10, 2007, following a jury trial and verdict in the United States District Court for the District of Massachusetts, the court sentenced Petitioner to 360 months incarceration with five years supervised release and a $1 million fine for violating 21 U.S.C. § 846, Conspiracy to Possess Heroin with Intent to Distribute; 21 U.S.C. § 841(A)(1), Possession of Heroin with Intent to Distribute; and 21 U.S.C. § 852, Criminal Forfeiture. Petitioner appealed his sentence, and, on October 11, 2007, the First Circuit affirmed the sentence imposed. United States v. Portes, 505 F.3d 21 (1st Cir. 2007). The Court of Appeals rejected the same argument Petitioner now seeks to raise pursuant to § 2241, namely that the sentencing court committed error by calculating his sentence based on a drug quantity that the jury did not find beyond a reasonable doubt. Id. at 27.

    2. Petitioner challenges his conviction and sentence imposed in the District of Massachusetts under § 2241. Section 2241 "confers habeas jurisdiction to hear the petition of a federal prisoner who is challenging not the validity but the execution of his sentence." Coady v. Vaughn, 251 F.3d 480, 485 (3d Cir. 2001). "A motion filed under section 2255 in the sentencing court is the presumptive means for a federal prisoner

2

to challenge the validity of a conviction or sentence." Kimball v. Sauers, 527 F. App'x 96, 98 (3d Cir. 2013) (citing Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002)). Section 2255 prohibits a district court from entertaining a challenge to a prisoner's federal sentence through § 2241 unless the remedy under § 2255 is "inadequate or ineffective."[1] See 28 U.S.C. § 2255(e); In re Dorsainvil, 119 F.3d 245, 249 (3d Cir. 1997). The remedy under § 2255 is "inadequate or ineffective only where the petitioner demonstrates that some limitation or procedure would prevent a § 2255 proceeding from affording him a full hearing and adjudication of his wrongful detention claim." Cradle v. U.S. ex rel. Miner, 290 F.3d 536, 538 (3d Cir. 2002). "Section 2255 is not inadequate or ineffective merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255." Id. at 539. "It is the inefficacy of the remedy, not the personal inability to use it, that is determinative." Id. at

---

[1] Section 2255(e) provides:
    An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, **unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.**
28 U.S.C. § 2255(e) (emphasis added).

538. "The provision exists to ensure that petitioners have a fair opportunity to seek collateral relief, not to enable them to evade procedural requirements." Id. at 539.

    3.   In Dorsainvil, the Third Circuit concluded that the petitioner could invoke the "safety-valve provision of § 2255" where he "had no earlier opportunity to challenge his conviction for a crime that an intervening change in substantive law may negate." In re Dorsainvil, 119 F.3d 245, 251 (3d Cir. 1997). However, the Court of Appeals emphasized the petitioner's "unusual position," id. at 251, and the narrowness of the court's holding, cautioning against any suggestion that "§ 2255 would be 'inadequate or ineffective' so as to enable a second petitioner to invoke § 2241 merely because that petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255." Id. Accordingly, in Okereke v. United States, 307 F.3d 117 (3d Cir. 2002), where the petitioner, as here, argued that Apprendi v. New Jersey, 530 U.S. 466 (2000), was an intervening change in law that could not have formed the basis for a motion under § 2255, the Court of Appeals distinguished Dorsainvil finding that Apprendi dealt with sentencing and did not render petitioner's crime of conviction not criminal. Okereke, 307 F.3d at 120. As such, the Third Circuit concluded that § 2255 was not inadequate or ineffective for petitioner to raise his Apprendi argument and that the district court lacked

4

jurisdiction to consider the merits of the petition. Id. at 120-21. See also Sacksith v. Warden Canaan USP, 552 F. App'x 108, 109 (3d Cir.), cert. denied sub nom. Sacksith v. Ebbert, 134 S. Ct. 1915 (2014) ("We have held that § 2255 is not inadequate or ineffective for a prisoner to raise his Apprendi argument, and there is no basis to treat claims brought under [Alleyne v. United States, 133 S. Ct. 2151 (2013)] differently.") (citation and alterations omitted).

    4.   In the present action, as in Okereke, Petitioner challenges the validity of his conviction and sentence, not the execution of his sentence. He must therefore satisfy the requirements of § 2255. Petitioner has not and cannot demonstrate that the remedy under § 2255 is "inadequate or ineffective" by arguing that the jury did not determine the quantity of drugs at issue in his case by proof beyond a reasonable doubt. In Okereke, the Court of Appeals rejected a nearly identical argument based on Apprendi and distinguished same from the "unusual situation" present in Dorsainvil. Because Petitioner cannot invoke the savings clause of § 2255, this Court must dismiss his Petition for lack of jurisdiction.[2]

---

[2] Petitioner's attempt to reframe his Apprendi argument as an actual innocence claim sufficient to invoke the savings clause of § 2255 is meritless. Petitioner in the present action claims legal innocence, not factual innocence. See Calderon v. Thompson, 523 U.S. 538, 559 (1998) (distinguishing between legal and factual innocence); Widener v. Smith, 156 F. App'x 509, 510-

5

    5.    The Court does not find it in the interest of justice to transfer this habeas petition to the First Circuit. See 28 U.S.C. § 1631 ("Whenever a civil action is filed in a court as defined in section 610 of this title or an appeal . . . is . . . filed with such a court and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court in which the action or appeal could have been brought at the time it was filed."). Nothing in this decision, however, prevents Petitioner from requesting leave from the First Circuit to seek habeas relief.

    6.    In light of the foregoing and because Petitioner has failed to make a substantial showing of the denial of a constitutional right, no certificate of appealability shall issue. See 28 U.S.C. § 2253(c); Miller-El v. Cockrell, 537 U.S. 322, 327 (2003).

**March 4, 2015**　　　　　　　　　　　　　　　　　**s/ Jerome B. Simandle**
Date　　　　　　　　　　　　　　　　　　　　　　　JEROME B. SIMANDLE
　　　　　　　　　　　　　　　　　　　　　　　　　Chief U.S. District Judge

---

11 (3d Cir. 2005) (noting that Apprendi "did not change the substantive law as to the elements of the offenses for which [petitioner] was convicted" and that petitioner's "assertion of actual innocence does not alter our conclusion that the District Court properly dismissed his § 2241 petition" because petitioner claimed legal innocence, not factual innocence). Petitioner's reliance on McQuiggin v. Perkins, 133 S. Ct. 1924 (2013), which involved a claim of factual innocence, is accordingly misplaced.